IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL YOUNG, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-07-230-HE |
| | ) |
| JUSTIN JONES, Director, | ) |
| Dept. of Corrections, | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**

Mr. Michael Young seeks a writ of habeas corpus,[1] alleging the denial of due process in a disciplinary hearing. The Court should grant the Respondent's motion for summary judgment.[2]

I.   BACKGROUND

Mr. Young was convicted of Trafficking in Illegal Drugs under Okla. Stat. tit. 63 § 2-415 (2001). *See* Respondent's Motion to Dismiss Writ of Habeas Corpus with Brief in Support at p. 1 (Mar. 27, 2007) ("Respondent's Dispositive Motion"). While incarcerated,

---

[1]   Mr. Young filed the petition on a form reserved for claims arising under 28 U.S.C. § 2254. *See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Feb. 23, 2007) ("Petition"). But in the body of the petition, Mr. Young referred to the action as one involving Section 2241 rather than Section 2254. *Id*. at p. 14. Section 2241 would be the appropriate provision for the challenge involving the execution of Mr. Young's sentence. *See McIntosh v. United States Parole Commission*, 115 F.3d 809, 811 (10th Cir. 1997) (noting that attacks on the execution of a sentence fall under Section 2241).

[2]   The Respondent filed a motion to dismiss, which the Court converted to a motion for summary judgment. *See* Order (Mar. 28, 2007).

the Petitioner was found guilty of a "Class X" offense. *See id.*, Exh. 3 at p. 8. The conviction resulted in the mandatory imposition of sanctions,[3] which included revocation of 365 earned credits and restriction to level one for 90 days. *Id.* According to Mr. Young, the restriction to level one effectively deprived him of the opportunity to earn achievement credits. Petitioner[']s Objection to the Respondent[']s Motion to Dismiss/Motion for Summary Judgment at pp. 1-2 (June 14, 2007) ("Petitioner's Objection").

Mr. Young alleges deprivation of procedural due process in connection with the disciplinary proceedings. Petition at pp. 1, 6-7.[4]

II.     STANDARD FOR SUMMARY JUDGMENT

Federal statutory law does not address the standard for summary judgment in habeas proceedings. Thus, the Federal Rules of Civil Procedure govern the Respondent's motion for summary judgment.[5]

---

[3]     Department of Corrections ("DOC") policy provides:

> For class X offenses, there is no discretion by hearing officer and no suspension of sanctions. Placement in disciplinary segregation, revocation of earned credits and level one are mandatory sanctions for all class X offenses, including guilty findings and guilty pleas.

Department Inmate Disciplinary Procedures, DOC OP-060125, Attachment A at p. 8 (eff. Sept. 4, 2006).

[4]     Mr. Young also refers to unequal treatment during the disciplinary proceeding. Petition at p. 1. But the Petitioner does not support this reference with any specific facts. *See id.* Without them, the reference is insufficient as a matter of law. *See Body v. Watkins*, 51 Fed. Appx. 807, 810 (10th Cir. Oct. 16, 2002) (unpublished op.).

[5]     *See* Fed. R. Civ. P. 81(a)(2).

The applicable rule is Fed. R. Civ. P. 56(c). Summary judgment is necessary when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court makes this determination by viewing the evidence in the light most favorable to the non-movant. *See*, *e.g.*, *Faustin v. City*, 423 F.3d 1192, 1198 (10th Cir. 2005). But when only one reasonable outcome exists, summary judgment is necessary. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

III.   REQUIREMENT OF A PROTECTED LIBERTY INTEREST

Mr. Young alleges due process violations during his disciplinary proceedings and seeks reversal of the misconduct conviction and restoration of credits and classification level. Petition at p. 15. The threshold question is whether the Petitioner had a protected liberty interest. If not, Mr. Young would be unable to rely on the right to due process. *See Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998) (for the petitioner "[t]o make out a due process claim," he had to "assert the infringement of a protected liberty interest" (citation omitted)). In the context of due process in a disciplinary proceeding, an inmate may establish a constitutionally protected liberty interest only if the results had "inevitably affect[ed] the duration of [the inmate's] sentence." *Sandin v. Conner*, 515 U.S. 472, 487 (1995); *see also Wilson v. Jones*, 430 F.3d 1113, 1123 (10th Cir. 2005) (discussed *infra* pp. 6-7).

IV.     LACK OF A PROTECTED LIBERTY INTEREST

The Respondent does not address the Petitioner's allegations regarding the disciplinary conviction. Instead, the Respondent denies the existence of a protected liberty interest in the previously earned credits and in the future opportunities for achievement credits. Respondent's Dispositive Motion at pp. 1-5.

In response, Mr. Young does not allege a protected liberty interest in his earned credits. *See* Petitioner's Objection at p. 1.[6] However, the Petitioner claims a liberty interest in his ability to earn achievement credit on grounds that they would shorten "the time [he would] actually have to serve on his sentence." *Id.* The Court should reject this theory, as Mr. Young had no liberty interest in the possible acquisition of achievement credits.

In Oklahoma, inmates that successfully complete departmental programs or goals are entitled to "achievement" credits.[7] The present issue is whether the disciplinary sanction affected a liberty interest by making Mr. Young ineligible for achievement credits over a period of 90 days. The Court should answer in the negative.

A liberty interest arose only if the sanction had inevitably affected the duration of the sentence. *See supra* p. 3. The disciplinary sanction did not do so because accumulation of

---

[6]     Mr. Young was convicted of trafficking. *See supra* p. 1. As a result, the Petitioner is not eligible for "earned" credits. *See* Okla. Stat. tit. 63 § 2-415(D) (2001).

[7]     *See* Okla. Stat. tit. 57 § 138(H) (2001); *see also Ekstrand v. State*, 791 P.2d 92, 94-95 (Okla. Crim. App. 1990) ("Achievement earned credits are . . . awarded based on educational achievement and completion of programs such as the Alcohol/Chemical Abuse Treatment Program."), *overruled on other grounds*, *Waldon v. Evans*, 861 P.2d 311, 313 (Okla. Crim. App. 1993).

achievement credits involved possibilities which would not inevitably come into fruition. For example, during the Petitioner's mandatory placement at level one:

- an appropriate program or work assignment may not have been available,[8]

- Mr. Young may not have been approved for participation in a program or work assignment,[9] and

- he may not have successfully completed a program or work assignment.[10]

*A fortiori*, a temporary inability to earn achievement credits would not have inevitably affected the duration of Mr. Young's sentence.

Inmates might arguably enjoy a protected liberty interest in an award of achievement credits if they successfully complete an approved work or program assignment. *See* Okla. Stat. tit. 57 § 138(H) (2001). But prisoners lack a constitutional right to participate in these

---

[8] Mr. Young does not suggest the availability of a program before the disciplinary proceeding. Instead, Mr. Young states only that he had been on a "waiting list for programs." Petitioner's Objection at p. 2; *see id.* at p. 6 (Mr. Young's statement that he "was on a waiting list to participate in approved programs").

[9] Mr. Young states under oath that he was taken off of the waiting list for programs when he was placed at level one. Petitioner's Objection at pp. 2, 7. The Court may assume *arguendo* that this statement is correct.

[10] *See Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000) (stating that the inability to participate in an educational program did not affect a liberty interest because the prisoner's successful completion was "not inevitable").

programs,[11] and placement in them is discretionary.[12] Because the earning of achievement credits does not inevitably affect the duration of a sentence, Mr. Young lacks a protected liberty interest as a matter of law. *See supra* p. 3.

The Petitioner cites *Wilson v. Jones*, 430 F.3d 1113 (10th Cir. 2005), in support of his claim involving a liberty interest in future achievement credits. But Mr. Young's reliance on *Wilson* is misplaced.

In *Wilson*, the plaintiff was convicted of a Class X offense and received a mandatory demotion to level one. *See Wilson v. Jones*, 430 F.3d at 1116. This demotion prevented accumulation of earned credits for two years. *See id.* According to the appeals court, the Class X conviction implicated Mr. Wilson's due process rights because the sanction:

- was mandatory and
- inevitably affected the duration of his sentence.

*See id.* at 1120-21. In light of this combination, deprivation of an opportunity for credits over the two-year period inevitably affected the duration of the sentence. *See id.* In finding a protected liberty interest, the appeals court explained that the petitioner had "lost more than

---

[11] *See Ingram v. Papalia*, 804 F.2d 595, 596-97 (10th Cir. 1986) (*per curiam*) ("The Constitution does not create a property or liberty interest in prison employment." (citations omitted)); *see also Joseph v. U.S. Federal Bureau of Prisons*, 232 F.3d 901, 2000 WL 1532783, Westlaw op. at 2 (10th Cir. Oct. 16, 2000) (unpublished op.) ("Prisoners have no constitutional right to educational . . . opportunities during incarceration." (citation omitted)).

[12] *See supra* p. 5.

a mere opportunity to earn credits upon satisfactory completion of a job or program in the future." *Id.* at 1121 (citations omitted).

The present situation involves the circumstances distinguished in *Wilson*. Unlike the petitioner there, Mr. Young had only a potential opportunity to acquire credits if he were to obtain placement in a job or program and successfully complete it. Under *Wilson*, Mr. Young lacks a protected liberty interest in the accumulation of achievement credits and had no constitutional right to due process in the disciplinary proceedings. The Respondent is entitled to summary judgment in these circumstances.

V.     THE PETITIONER'S REQUEST FOR AN EVIDENTIARY HEARING

Mr. Young has requested an evidentiary hearing on the merits. Petitioner's Objection at p. 1. But such a hearing would be futile for two reasons.

First, habeas relief would be unavailable even if the Petitioner's factual allegations were accepted as true. *See supra* pp. 3-7; *see also Wildermuth v. Furlong*, 147 F.3d 1234, 1238 (10th Cir. 1998) ("Because Wildermuth has no liberty interest in parole under Colorado's system and thus is not entitled to due process protections, he has no claim which would entitle him to relief and his petition should have been dismissed without an evidentiary hearing . . . .").

Second, the present issue is the Respondent's entitlement to summary judgment and resolution should be based on the parties' written submissions. *See Seamons v. Snow*, 206 F.3d 1021, 1026 (10th Cir. 2000) ("oral testimony on summary judgment motions should be used sparingly and with great care"); *see also United States v. Velarde*, 485 F.3d 553, 559-60

(10th Cir. 2007) (stating that the same standards are used to determine summary judgment and the need for an evidentiary hearing in Section 2254 proceedings).

For both reasons, an evidentiary hearing is unnecessary.

VI.   NOTICE OF THE RIGHT TO OBJECT

The Petitioner can object to this report and recommendation. To do so, Mr. Young must file an objection with the Clerk of this Court. The deadline for objections is November 15, 2007. *See* W.D. Okla. LCvR 72.1. The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

VII.   STATUS OF THE REFERRAL

The referral to the undersigned is terminated.

Entered this 26th day of October, 2007.

_____
Robert E. Bacharach
United States Magistrate Judge